# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| Amber Echols, | Case No. 2:19-cv-01682-RFB-BNW |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Elaine Kindle, | |
| Defendant. | |

Plaintiff Amber Echols filed a complaint at ECF No. 1-1. She also filed an amended complaint. ECF No. 4-1.

Plaintiff also filed an application to proceed *in forma pauperis* (IFP application). ECF No. 1. Her IFP application and complaint are now before the court for review under 28 U.S.C. § 1915.[1]

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the Court will grant Plaintiff's IFP application (ECF No. 1).

## Factual and Procedural Background

Plaintiff Amber Echols filed a complaint in which she alleges that Elaine Kindle, who was representing her in an adoption case, failed to include terms for visitation. ECF No. 1-1. She also filed an amended complaint, in which she explains Ms. Kindle, who works for an adoption agency (Adoptions First), did not secure Plaintiff's right to see her son at picnics that the agency

---

[1] This court was assigned to this case on February 3, 2021. It appears that the case was previously assigned to Visiting Judge Whaley in error.

supposedly holds where the adopting and the biological families of children get together. She does not seek to reinstate parental rights. Instead, she wishes to see her biological son at one of these picnics.

**Legal Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**Analysis**

Even liberally construing the complaint, it is unclear to the court whether Plaintiff is alleging a breach of contract or some other claim. This is crucial to determining whether this

1  court has jurisdiction over this matter. The court, therefore, will dismiss the complaint without
2  prejudice for Plaintiff to file an amended complaint to clarify this matter.

3      Federal courts are courts of limited jurisdiction. Generally, they can only hear claims
4  involving federal questions (28 U.S.C. § 1331) or in which diversity jurisdiction exists (28 U.S.C.
5  § 1332). For diversity jurisdiction, the civil action must involve citizens of different states and the
6  relief sought must exceed $75,000. Here, while the claim involves citizens of different states, the
7  relief sought does not exceed $75,000. Thus, if Plaintiff is pursuing a breach of contract claim,
8  state court may be the proper forum to pursue this claim.

9      Alternatively, if Plaintiff is alleging a different claim, she must explain what that claim is
10  so that the court can evaluate, among other things, whether it has jurisdiction over this case.

11      Plaintiff is advised that if she chooses to file a Second Amended Complaint, the original
12  complaint (ECF No. 1-1) and the Amended Complaint (ECF No. 4-1) no longer serve any
13  function in this case.  As such, if Plaintiff files a Second Amended Complaint, each claim and the
14  involvement of each defendant must be alleged sufficiently.  The court cannot refer to a prior
15  pleading or to other documents to make Plaintiff's Second Amended Complaint complete.  The
16  Second Amended Complaint must be complete in and of itself without reference to prior
17  pleadings or to other documents.

18      If Plaintiff chooses to file a Second Amended Complaint curing the deficiencies outlined
19  in this order, Plaintiff must do so within 30 days from the date of this order.  If Plaintiff does not
20  file a Second Amended Complaint, the court will recommend that this case be dismissed without
21  prejudice.

22  **III.   CONCLUSION**

23      **IT IS THEREFORE ORDERED** that the Clerk of Court must detach and file the
24  complaint (ECF No. 1-1) and the amended complaint (ECF No. 4-1).

25      **IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is DISMISSED with
26  leave to amend as stated in this order.

27      **IT IS FURTHER ORDERED** that the amended complaint (ECF No. 4-1) is
28  DISMISSED with leave to amend as stated in this order.

1  **IT IS FURTHER ORDERED** that if Plaintiff chooses to file a Second Amended Complaint, it must be filed within 30 days from the date of this order. Failure to comply with this order will result in a recommendation that this case be dismissed

DATED: February 16, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE